IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bruce Wightman, | : | |
| Petitioner | : | Case No. 2:12-cv-0316 |
| v. | : | Judge Watson |
| Ronald Morgan, Warden | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## Report and Recommendation

Petitioner Bruce Wightman, a prisoner at the Southern Ohio Correctional Facility, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on November 8, 2005, petitioner Wightman was convicted for kidnapping with the purpose of engaging in sexual activity in the Court of Common Pleas for Fayette County, Ohio.  On November 13, 2005, he was sentenced to a term of 11 years in prison.

The petition alleges that petitioner filed a notice of appeal.  On January 14, 2008, the Ohio Court of Appeals for the Twelfth Appellate District issued a decision affirming the judgment of conviction.  Petitioner did not file a motion for leave to

appeal to the Supreme Court of Ohio.  On the Supreme Court of Ohio issued a decision denying the motion for leave to appeal.

On April 4, 2011, petitioner filed a motion for leave to reopen his direct appeal. On June 12, 2001, the Ohio Court of Appeals for the Twelfth Appellate District issued a decision denying the motion as untimely.  Petitioner file a motion for leave to appeal from that decision.  On October 5, 2011, the Supreme Court of Ohio denied the motion for leave to appeal.

Petitioner alleges that he is in custody in violation of the United States Constitution because his trial attorney filed a plea of not guilty by reason of insanity without his knowledge and against his wishes.

The petition for writ of habeas corpus herein was filed April 11, 2012.  Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus.  The limitation period begins to run from the date the judgment became final by the conclusion of direct review.  28 U.S.C. §2244(d)(1)(A).[1]  Petitioner was convicted in November 2006.  He a direct appeal; but he did not file a motion for leave to appeal to the Supreme Court of Ohio from the Court of

---

[1] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim.  28 U.S.C. §2244(d)(1)(B), (C) and (D).  None of those situations apply here.
  Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending.  28 U.S.C. §2244(d)(2).  Petitioner did not file a petition for post-conviction relief.

Appeals's January 14, 2008 decision affirming his conviction.  His conviction became final forty-five days later when his time to file a motion for leave to appeal to the Supreme Court of Ohio expired.[2]  He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).  He failed to do so.  Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time.  See, *Calderon v. United States District Court*, 112 F.3d 386, 391-92 (9th Cir. 1997).

Petitioner's motion for leave to reopen his direct appeal was filed long after the statute of limitations for filing a federal habeas corpus petition had run. Further, since the Court of Appeals denied the motion as untimely, the ineffective assistance of appellate counsel claim he attempted to raise in the motion is procedurally barred from review in federal habeas corpus. *Van Hook v. Bobby,* 661 F.3d 264, 269-71 (6th Cir. 2011).

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in

---

[2]Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio provides that a notice of appeal to the Supreme Court of Ohio within "45 days from the entry of the judgment being appealed."

question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215.

s/Mark R. Abel
United States Magistrate Judge