UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Bruce Wightman,**

    **Petitioner,**                          **Case No. 2:12-cv-316**

    v.

**Ronald Morgan,**                               **Judge Michael H. Watson**
                                                   **Magistrate Judge Abel**
    **Respondent.**

## OPINION AND ORDER

On April 12, 2012, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). ECF No. 4. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* ECF No. 5. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred. Petitioner contends that this action is timely under 28 U.S.C. § 2244(d)(1)(B),[1] and alternatively, that extraordinary circumstances,

---

[1] 28 U.S.C. 2244(d)(1)(B) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

these being denial of effective assistance of appellate counsel, justify equitable tolling of the statute of limitations. Petitioner objects to the Magistrate Judge's conclusion that his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) is waived because it was rejected by the state appellate court as untimely. He argues that the Ohio courts have unfairly interpreted Rule 26(B), making it impossible for him to timely file his habeas corpus petition and contends *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (Ohio's Rule 26(B) application constitutes a collateral post-conviction procedure, not a part of the direct appeal) was wrongly decided.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's arguments lack merit. As noted by the Magistrate Judge, Petitioner's conviction became final on February 18, 2008, forty-five days after the Ohio Twelfth District Court of Appeals affirmed his judgment of conviction, when the time period expired to file a timely appeal to the Ohio Supreme Court. *See* Rule II, 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter,* 246 F.3d 515, 518–19 (6th Cir. 2001). The statute of limitations expired one year later, on February 18, 2009. Petitioner waited more than three years later, until March 30, 2012, to execute his habeas corpus petition.

Petitioner's untimely Rule 26(B) application did not toll the running of the statute of limitations. The tolling provision of § 2244(d)(2) "does not ... 'revive' the limitations

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]

period ( *i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998)); *see also Winkfield v. Bagley,* 66 F. App'x. 578 (unpublished), 2003 WL 21259699, at *3 (6th Cir. May 28, 2003) (same). Additionally, because the state appellate court rejected Petitioner's Rule 26(B) application as untimely, it was not "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005); *Allen v. Siebert,* 552 U.S. 3, 7 (2007).

Finally, nothing in the record supports Petitioner's allegation that he was prevented from timely filing his habeas corpus petition under 28 U.S.C. § 2244(d)(1)(B).

> Section 2244(d)(1)(B) governs cases where a State has taken action to create an impediment that prevents a state prisoner from filing a 28 U.S.C. § 2254 habeas petition. The State action creating the impediment must be in violation of the Constitution or laws of the United States.

*Alexander v. Metrish,* 2007 WL 542010, at *6 (W.D. Michigan Feb. 16, 2007).

> "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir.2003). Specifically, " '[s]ection 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.' " *Winkfield v. Bagley,* 66 Fed. Appx. 578, 583 (6th Cir.2003) (quoting *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001).

*Butler v. Davis,* 2006 WL 950263, at *5 (E.D. Michigan April 10, 2006). Petitioner alleges he was denied effective assistance of appellate counsel. The record fails to reflect, however, that any constitutional misconduct on the part of the State of Ohio prevented him from timely raising this claim in the Ohio Court of Appeals or from filing his habeas corpus action.

The record likewise fails to reflect that equitable tolling of the statute of limitations is appropriate. "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Where, as here, the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt,* 337 F.3d 638, 642-43 (6th Cir. 2003).

In order to determine whether to equitably toll the running of the statute of limitations, the Court considers the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Jurado v. Burt,* 337 F.3d at 643 (citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *see also King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004)(quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

None of the foregoing factors favor tolling. The record fails to reflect Petitioner lacked notice or constructive knowledge of the one-year filing requirement for habeas corpus petitions. He would not have been reasonable to remain ignorant of the time requirement for filing federal habeas corpus petitions, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker,* 197 F.3d at 218; *see also Bagley,* unpublished, 2003 WL 21259699, at *5 (6th Cir. May 28, 2003). Petitioner failed to act diligently in pursuing his rights. He waited more than two years after the statute of limitations had already expired to pursue a delayed Rule 26(B) application and more than three years later to execute his habeas corpus petition.

As to Petitioner's remaining arguments, this Court is bound by the decision of the United States Court of Appeals for the Sixth Circuit in *Lopez v. Wilson,* 426 F.3d at 341. The Court need not further address Petitioner's objections regarding the procedural default of his claim of ineffective assistance of appellate counsel as, in any event, this claim is time-barred from review in these proceedings.

None of the foregoing factors favor tolling. The record fails to reflect Petitioner lacked notice or constructive knowledge of the one-year filing requirement for habeas corpus petitions. He would not have been reasonable to remain ignorant of the time requirement for filing federal habeas corpus petitions, which has been in effect since 1996. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker,* 197 F.3d at 218; *see also Bagley,* unpublished, 2003 WL 21259699, at *5 (6th Cir. May 28, 2003). Petitioner failed to act diligently in pursuing his rights. He waited more than two years after the statute of limitations had already expired to pursue a delayed Rule 26(B) application and more than three years later to execute his habeas corpus petition.

As to Petitioner's remaining arguments, this Court is bound by the decision of the United States Court of Appeals for the Sixth Circuit in *Lopez v. Wilson,* 426 F.3d at 341. The Court need not further address Petitioner's objections regarding the procedural default of his claim of ineffective assistance of appellate counsel as, in any event, this claim is time-barred from review in these proceedings.

For these reasons and for the reasons set forth in the Magistrate Judge's *Report and Recommendation,* Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**